UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Kristin Mattson, et al., | ) | CASE NO.  5:15CV358 |
| | ) | |
| Plaintiffs, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| vs. | ) | |
| | ) | |
| Monroe Troyer, et al., | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |
| | ) | (Resolves Doc. 30) |
| | ) | |

Pending before the Court is Defendant Citizens Insurance Company of the Midwest's motion to dismiss this matter for lack of personal jurisdiction or in the alternative transfer the matter to the Western District of Michigan.  Doc. 30.  In the interests of justice, the motion to transfer is GRANTED.   This matter is hereby TRANSFERRED to the Western District of Michigan.

I.     STATEMENT OF FACTS

Plaintiffs Kristin and Kent Mattson filed this action against Defendant Monroe Troyer on February 24, 2015.  In the initial complaint, the Mattsons claimed that Troyer negligently rear-ended their motor vehicle on March 29, 2013 in Canton, Ohio.  On July 7, 2015, the Mattsons amended their complaint and added Defendant Citizens Insurance. In the first amended complaint, the Mattsons contend that Citizens Insurance breached the insurance contract it had issued the Mattsons, engaged in bad faith, and violated Ohio's Unfair Claims Practices Act.  On July 27, 2015, counsel for Citizens Insurance filed a notice of appearance that reads:  "Now comes the undersigned counsel, Amanda M. Gatti, and hereby gives notice of her appearance as counsel on behalf of Defendant Citizens Insurance Company of the Midwest, a/k/a Hanover

Insurance Group, Inc. in the above-captioned case." Doc. 24.  On September 21, 2015, Citizens Insurance moved to dismiss or in the alternative transfer this matter.   The Mattsons opposed the motion, and Citizens Insurance replied. The Court now resolves the motion.

## II.    LEGAL STANDARD & ANALYSIS

This Court applies Ohio law in determining whether it may exercise jurisdiction over a defendant. *American Greetings Corp. v. Cohn*, 839 F.2d 1164, 1167 (6th Cir. 1988).  The Court must engage in a two-step analysis to determine personal jurisdiction under Ohio law.  The Court must determine: "(1) ... whether [Ohio's] 'long-arm' statute and the applicable Civil Rule confer personal jurisdiction, and if so, (2) whether granting jurisdiction under the statute and rule would deprive the defendant of the right to due process of law pursuant to the Fourteenth Amendment to the United States Constitution." *Goldstein v. Christiansen*, 638 N.E.2d 541, 543 (Ohio 1994) (quoting *U.S. Sprint Communications Co., L.P. v. Mr. K's Foods, Inc.*, 624 N.E.2d 1048, 1051 (Ohio 1994)).  The Court must engage in both steps if Ohio's long-arm statute applies because it does not extend jurisdiction fully to the limits of due process.  *Goldstein*, 638 N.E.2d at 545, n.1.  Accordingly, to establish that jurisdiction is proper, both prongs of the analysis must be satisfied. *Id.*  However, "if jurisdiction is not proper under Ohio's long-arm statute there is no need to perform a Due Process analysis because jurisdiction over the defendant cannot be found." *Conn v. Zakharov*, 667 F.3d 705, 713 (6th Cir. 2012)

Plaintiffs bear the burden of establishing jurisdiction. *American Greetings Corp.*, 839 F.2d at 1168.  However, when a court rules solely based upon the pleadings, a plaintiff need make only a prima facie showing of personal jurisdiction to survive a motion to dismiss. *Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1272 (6th Cir. 1998); *CompuServe, Inc., v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996).  Accordingly, when ruling without holding an evidentiary

hearing, this Court must view the jurisdictional evidence in the light most favorable to the plaintiff. *See Goldstein*, 638 N.E.2d at 544. Despite this fact, a plaintiff may not rely solely on the pleadings in the case; rather, he must show, by affidavit or other documentary evidence, specific facts establishing personal jurisdiction. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991).

The Mattsons contend that this Court need not conduct a substantive review of Citizens Insurance's challenge to personal jurisdiction. More specifically, the Mattsons contend that Citizens Insurance has waived its right to challenge personal jurisdiction. In support, the Mattsons rely upon *Gerber v. Riordan*, 649 F.3d 549 (6th Cir. 2011). The Mattsons contend that *Gerber* created a bright-line rule that personal jurisdiction challenges are waived whenever counsel enters a general appearance. The Mattsons are correct that there is language in *Riordan* to support their argument. The *Gerber* Court noted: "it is clear that Defendants' filing of a general appearance with the district court constituted a voluntary acceptance of the district court's jurisdiction, and therefore, a waiver of Defendants' personal jurisdiction defense." *Id.* at 520. However, it is equally clear that subsequent Sixth Circuit panels have declined to consider *Riordan* as having established a bright-line rule. In 2012, a panel from the Sixth Circuit noted:

> We recently clarified the test for finding forfeiture of a personal-jurisdiction defense through conduct: we ask whether a defendant's conduct prior to raising the defense has given the plaintiff "a reasonable expectation" that the defendant will defend the suit on the merits or whether the defendant has caused the court to "go to some effort that would be wasted if personal jurisdiction is later found lacking." *Gerber v. Riordan*, 649 F.3d 514, 519 (6th Cir. 2011) (quoting *Mobile Anesthesiologists Chi., LLC v. Anesthesia Assocs. of Hous. Metroplex, P.A.*, 623 F.3d 440, 443 (7th Cir. 2010)). We consider all of the relevant circumstances. *Hamilton*, 197 F.3d at 61.

*King v. Taylor*, 694 F.3d 650, 659 (6th Cir. 2012). Similarly, a member of this Court declined to find that *Gerber* established a bright-line rule:

> The Court finds *Gerber* both quantitatively and qualitatively distinguishable.
>
> In *Gerber*, the defendants filed a notice of appearance 2 ½ years before filing their motion to dismiss for lack of personal jurisdiction. During that interval, the parties acrimoniously litigated defendants' motion to vacate entry of default, defendants' motion to stay litigation pending arbitration pursuant to the parties' contract, the location of the arbitration, whether/not the arbitration was successful, whether/not there was a settlement and, if so, whether it should be enforced—not to mention the defendants' participation in a CMC and four or five other pretrial conferences.
>
> Here, prior to Electrolux filing the pending motion, it raised its objection to jurisdiction in its answer, after which the Court held a CMC resulting in the scheduling of a settlement conference and allowing a limited amount of discovery in preparation for that conference. The lapse of time between the filing of Electrolux's answer to the filing of its jurisdictional motion was just over three months. This is a relatively insignificant period of time when compared to Gerber.
>
> In sum, the Court finds that Electrolux has not waived its challenge to personal jurisdiction based on its litigation of prior cases in this district, or by its litigation conduct in this case to date.

*Allstate Ins. Co. v. Electrolux Home Products, Inc.*, 2014 WL 3615382, at \*5 (N.D.Ohio July 18, 2014)(footnote omitted).  Within this same case, the Court noted:

> *Gerber* is momentarily problematic because of its holding that the filing of a notice of general appearance by defense counsel constitutes a waiver of objection to personal jurisdiction. However, cases following *Gerber* have declined to interpret it so narrowly and require the consideration of "all the relevant circumstances" when determining waiver. *King v. Taylor*, 694 F.3d 650, 659 (6th Cir. 2012). *See also Pravettone v. Cargotec Oyj*, No. 13–CV–117162013 WL 3936467, at \*5 (E.D.Mich. Jul. 31, 2013); *Allor v. ECA Mktg., Inc*., No. 2:13 CV 11142, 2013 WL 6801123, at \*2 n. 2 (E.D.Mich. Dec.23, 2013); *Beta Corp, Ltd. v. Peacock*, No. 3:12 cv 1045, 2014 WL 809211, at \*3–4 (N.D.Ohio Feb.28, 2014).

*Id.* at \*5, n.4.

This Court joins in the view held by all of the courts notes above.  If *Gerber* had intended to establish a bright-line rule with respect to a general notice of appearance, its lengthy

4

discussion of all of the other aspects of the litigation would be entirely superfluous. The Court declines to find such a lengthy, interwoven discussion to be entirely superfluous.

Herein, Citizens Insurance engaged in no substantive conduct between counsel's notice of appearance and the filing of the instant motion. Counsel sought leave to plead on September 14, 2015, and counsel filed the instant motion on September 21, 2015. Accordingly, less than two months lapsed between the notice of appearance and the motion to dismiss or transfer venue. Like my colleague in *Allstate*, *supra*, this Court finds that such a lapse is insignificant when compared to *Gerber*. Accordingly, the Court finds that *Citizens Insurance* has not waived its right to challenge personal jurisdiction.[1]

As such, the Court now reviews whether exercising personal jurisdiction over Citizens Insurance is permissible herein. Ohio's long-arm statute, Revised Code Section 2307.382, provides as follows:

> (A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:
>
> (1) Transacting any business in this state[.]
>
> (2) Contracting to supply services or goods in this state;
>
> (3) Causing tortious injury by an act or omission in this state;
>
> (4) Causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;
>
> (5) Causing injury in this state to any person by breach of warranty expressly or impliedly made in the sale of goods outside this state when he might reasonably have expected such person to use, consume, or be affected by the goods in this state, provided that he also regularly does or solicits business, or engages in any

---

[1] When considering Citizens Insurance's challenge, the Court would first note that the Mattsons have raised no argument of any kind beyond waiver. As such, the Court would note that it would all the more prejudicial to find waiver under the circumstances herein.

5

>other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;
>
>(6) Causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when he might reasonably have expected that some person would be injured thereby in this state;
>
>(7) Causing tortious injury to any person by a criminal act, any element of which takes place in this state, which he commits or in the commission of which he is guilty of complicity.
>
>(8) Having an interest in, using, or possessing real property in this state;
>
>(9) Contracting to insure any person, property, or risk located within this state at the time of contracting.

"Subsection (A) makes clear that for personal jurisdiction to exist under Ohio's long-arm statute, the cause of action must arise from the defendant's conduct in Ohio." *Hitachi Med. Sys. Am., Inc. v. St. Louis Gynecology & Oncology, LLC*, 2011 WL 711568, at *4 (N.D. Ohio Feb. 22, 2011).

Herein, the facts conclusively demonstrate this Court lacks jurisdiction over Citizens Insurance. Citizens Insurance does not own or lease property in Ohio. It does not pay taxes in Ohio. Further, Citizens Insurance does not write insurance policies in the state of Ohio. The insurance policy at issue was sold to the Mattsons in Michigan, and the Mattsons paid their premiums in Michigan. The sole connection to Ohio with respect to Citizens Insurance is the fact that one of its insureds was in an automobile accident in the state of Ohio. As such, the Mattsons cannot satisfy Ohio's long-arm statute and cannot demonstrate that jurisdiction over Citizens Insurance.

In considering the transfer of this matter, the Court is mindful of the fact that Defendant Troyer is a resident of Ohio and may have no ties to the state of Michigan. However, the amended complaint makes it clear that Troyer has tendered the limits of his insurance policy to

the Mattsons and has effectively become a nominal defendant. Accordingly, Troyer will suffer no hardship from the transfer of this action to Michigan.

## IV. CONCLUSION

Citizens Insurance's motion to transfer is GRANTED. This matter is hereby transferred to the Western District of Michigan.

IT IS SO ORDERED.

Date: September 23, 2016 /s/ John R. Adams
Judge John R. Adams
UNITED STATES DISTRICT COURT